## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| THOMAS E. SMITH, SR., Individually and as Administrator of the Estate of OK HUI SMITH, deceased, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM H. VAN LAAR, DO; WILLIAM VAN LAAR DO, LLC; JODI PESCE, and MCDONOUGH PRIMARY CARE, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION <br><br> FILE NO. _____ <br><br> **JURY TRIAL DEMANDED** |

### COMPLAINT

COMES NOW, Plaintiff Thomas E. Smith, Sr., individually and as Administrator of the Estate of Ok Hui Smith, deceased, and hereby files this Complaint and shows the Court the following:

### PARTIES

1.

Plaintiff Thomas E. Smith, Sr. (hereinafter "Plaintiff") is a citizen of the State of Texas.

2.

At all times relevant hereto, Thomas E. Smith, Sr. was lawfully married to Ok Hui Smith, deceased.

3.

Thomas E. Smith, Sr. has been duly appointed Administrator of the Estate of Ok Hui Smith by the Probate Court of Henry County, Georgia.

4.

Defendant William H. Van Laar, D.O. is a citizen of the State of Georgia and a resident of Henry County, Georgia.

5.

Defendant William Van Laar DO, LLC is a Georgia limited liability company with its principal place of business located at 68 Hampton Street, McDonough, Henry County, Georgia.  Defendant William Van Laar DO, LLC's registered agent is William H. Van Laar, D.O., 68 Hampton Street, McDonough, Henry County, Georgia.  Defendant William Van Laar DO, LLC is a citizen of the State of Georgia and a resident of Henry County, Georgia.

6.

Defendant Jodi Pesce is a citizen of the State of Georgia and a resident of Henry County, Georgia.

7.

Defendant McDonough Primary Care, Inc. is a for profit Georgia with its principal place of business at 68 Hampton Street, McDonough, Henry County, Georgia. Defendant McDonough Primary Care, Inc.'s registered agent is Dr. William Van Laar, 68 Hampton Street, McDonough, Henry County, Georgia. Defendant McDonough Primary Care, Inc. is a citizen of the State of Georgia and a resident of Henry County, Georgia.

8.

On information and belief, and at all times pertinent to this action, Defendant William H. Van Laar, D.O. was an agent and employee of Defendants William Van Laar DO, LLC and/or McDonough Primary Care, Inc., and was acting within the course and scope of his employment and agency with said Defendants.

9.

On information and belief, Defendants William Van Laar DO, LLC and/or McDonough Primary Care, Inc. are liable for the acts and omissions of Defendant William H. Van Laar, D.O. under the doctrines of agency, *respondeat superior* and other theories of agency-principal law.

10.

On information and belief, and at all times pertinent to this action, Defendant Jodi Pesce was an agent and employee of Defendants William Van Laar DO, LLC and/or McDonough Primary Care, Inc., and was acting within the course and scope of her employment and agency with said Defendants.

11.

On information and belief, Defendants William Van Laar DO, LLC and/or McDonough Primary Care, Inc. are liable for the acts and omissions of Defendant Jodi Pesce under the doctrines of agency, *respondeat superior* and other theories of agency-principal law.

12.

Defendants have, at all times relevant, conducted business within the State of Georgia, this District and this Division at 68 Hampton Street, McDonough, Henry County, Georgia.

13.

The acts and omissions complained of herein occurred in Henry County, Georgia, as did the injuries to and death of Plaintiff's decedent.

14.

Pursuant to Local Rule 3.1(B), this action is properly filed in the Atlanta Division of the Northern District of Georgia because (a) all Defendants reside within this District and within this Division and (b) because the cause of action arose in this District and in this Division.

15.

This Court has jurisdiction over the parties to this action.

16.

This Court has jurisdiction over the subject matter of this action.

17.

Venue is proper in this Court.

## FACTS

18.

Plaintiff incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

19.

On August 19, 2013, Mrs. Smith was seen at McDonough Primary Care by Defendant William H. Van Laar, D.O. from problems with her right great toenail

and her right thumbnail. Defendant William H. Van Laar, D.O. diagnosed Mrs. Smith with onychomycosis (nail fungus).

20.

At that visit, Defendant William H. Van Laar, D.O. issued a prescription to Mrs. Smith for Ketoconazole (Nizoral) 200-mg tablets to be taken once per day for thirty days, with three refills.

21.

No baseline liver function/enzyme tests were obtained for Mrs. Smith prior to starting her on Ketoconazole (Nizoral).

22.

Mrs. Smith filled a prescription for Ketoconazole (Nizoral) on August 19, 2013 and subsequently refilled that prescription. Mrs. Smith continued to take Ketoconazole (Nizoral) as instructed for more than four months.

23.

On September 9, 2013, Mrs. Smith was seen by Defendant Pesce at McDonough Primary Care for swelling problems with her wrist and thumb. Liver function/enzyme tests were not ordered or obtained from Mrs. Smith at this visit.

24.

On September 13, 2013, Mrs. Smith was seen by Defendant Pesce at McDonough Primary Care for a routine/preventative health visit. Labs were drawn on this visit. Mrs. Smith's liver function/enzyme tests were in the normal range at this time.

25.

On November 26, 2013, Mrs. Smith was seen by Defendant Pesce at McDonough Primary Care with complaints of vaginal issues and constipation. Liver function/enzyme tests were not ordered or obtained from Mrs. Smith at this visit.

26.

On December 24, 2013, Mrs. Smith was seen by Defendant William H. Van Laar, D.O. at McDonough Primary Care. Mrs. Smith's complaints included a cough, runny nose and ear pain for 2 to 3 days; coughing up yellow mucus that day; dark urine for 3 days; and no appetite for 6 to 7 months. A urinalysis was done. Liver function/enzyme tests were not ordered or obtained from Mrs. Smith at this visit. Mrs. Smith was prescribed an antibiotic, Ciprofloxacin.

27.

On January 2, 2014, Mrs. Smith was seen at McDonough Primary Care by Judy Comer, a nurse practitioner, who noted: "Family noticed looking yellow on 12/31/13 and eyes are also yellow. Very tired x 1 week or more. When she eats or drinks causes stomach to hurt and belches a lot." On exam Mrs. Smith was noted to be "very jaundiced" with right upper quadrant pain and tenderness. The assessment was (1) right upper quadrant pain and (2) gross jaundice. The plan was to obtain labs and an urgent abdominal sonogram.

28.

Mrs. Smith's lab test results showed profoundly abnormal liver function. An abdominal ultrasound performed that day was also abnormal.

29.

Mrs. Smith was admitted to Piedmont Henry Hospital on January 3, 2014, with admission diagnoses of transaminitis and acute liver failure.

30.

After her admission, Mrs. Smith was diagnosed with mixed hepatocellular and cholestatic injury most likely drug induced from Ketoconazole.

31.

Despite the fact that she was prescribed Ketoconazole (Nizoral) for more than four months, only a single liver function/enzyme test was performed on Mrs. Smith between August 19, 2013 and January 1, 2014.

32.

Ok Hui Smith died on January 24, 2014 from liver failure and related complications.

33.

At all times material and pertinent to this action, Defendant William H. Van Laar, D.O. owed Ok Hui Smith a duty to exercise that degree of care and skill employed by physicians generally under the same or similar conditions and like surrounding circumstances as Mrs. Smith presented from August 2013 through January 2014 at McDonough Primary Care.

34.

Defendant William H. Van Laar, D.O. deviated from and fell below that degree of care and skill employed by physicians generally under same or similar conditions and like surrounding circumstances by prescribing Ketoconazole (Nizoral) to Ok Hui Smith from August 2013 through January 2014 and failing to properly monitor Mrs. Smith's liver function.

35.

Defendant William H. Van Laar, D.O. was otherwise negligent.

36.

At all times material and pertinent to this action, Defendant Jodi Pesce owed Ok Hui Smith a duty to exercise that degree of care and skill employed by nurse practitioners generally under the same or similar conditions and like surrounding circumstances as Mrs. Smith presented in September and November 2013 at McDonough Primary Care.

37.

Defendant Pesce deviated from and fell below that degree of care and skill employed by nurse practitioners generally under same or similar conditions and like surrounding circumstances by failing to properly monitor Mrs. Smith's liver function while she was taking Ketoconazole (Nizoral).

38.

Defendant Pesce was otherwise negligent.

39.

On information and belief, non-professional agents and employees of Defendants William Van Laar DO, LLC and/or McDonough Primary Care, Inc. were negligent and breached the applicable standard of care in failing to schedule

10

and/or obtain tests to monitor Ok Hui Smith's liver function during the time she was prescribed Ketoconazole (Nizoral).

40.

On information and belief, non-professional agents and employees of Defendants William Van Laar DO, LLC and/or McDonough Primary Care, Inc. were otherwise negligent.

## **COUNT I – CLAIM FOR WRONGFUL DEATH**

41.

Plaintiff incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

42.

As a direct and proximate result of the negligence of Defendants, their agents and employees, Ok Hui Smith suffered a premature and untimely death.

43.

Plaintiff Thomas E. Smith, Sr., as surviving spouse of Ok Hui Smith, deceased, seeks and is entitled to recover damages for the full value of the life of Ok Hui Smith in an amount determined by the enlightened conscience of the jury.

## COUNT II – ESTATE CLAIMS

44.

Plaintiff incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

45.

As a direct and proximate result of the negligence of Defendants, their agents and employees, Ok Hui Smith endured conscious pain and suffering before her death.

46.

Plaintiff Thomas E. Smith, Sr., as Administrator of the Estate of Ok Hui Smith, is entitled to and seeks damages from Defendants for the conscious pain and suffering endured by Mrs. Smith prior to her death in an amount to be determined by the enlightened conscience of a jury.

47.

Plaintiff Thomas E. Smith, Sr., as Administrator of the Estate of Ok Hui Smith, is entitled to and seeks damages from Defendants for funeral and burial expenses in an amount to be proven at trial.

48.

As a direct and proximate result of the negligence of Defendants, their agents and employees, Ok Hui Smith sustained injuries that required extensive medical care and treatment.

49.

Plaintiff Thomas E. Smith, Sr., as Administrator of the Estate of Ok Hui Smith, is entitled to and seeks damages from Defendants for medical expenses in an amount to be proven at trial.

## COUNT III – CLAIM OF THE UNITED STATES

50.

Plaintiff incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

51.

As a direct and proximate result of the negligence of Defendants, their agents and employees, Ok Hui Smith sustained injuries that required extensive medical care and treatment.

52.

The medical treatment for Ok Hui Smith was paid, in part, by the United States of America (Tricare).

53.

Accordingly, Plaintiff Thomas E. Smith, Sr., for the sole use and benefit of the United States of America under the provisions of 42 U.S.C. §§ 2651-2653, and with its express consent, asserts a claim for the reasonable value of said past treatment in an amount to be proven at trial.

WHEREFORE, Plaintiff hereby requests the following:

a. That Defendants be timely served with process;

b. That Plaintiff have and recover from Defendants, jointly and severally, an amount in excess of $75,000, exclusive of interest and costs;

c. That Plaintiff have a trial by jury on all claims and issues in this action; and

d. That Plaintiff have such other and further relief as the Court deems appropriate.

This 15th day of October, 2014.

          **CASH, KRUGLER & FREDERICKS, LLC**

      /s/David Krugler\_\_\_\_\_
      DAVID KRUGLER
      Georgia Bar No. 429929
      ANDREW B. CASH
      Georgia Bar No. 743459
      5447 Roswell Road, N.E.
      Atlanta, Georgia 30342
      (404) 659-1710
      (404) 264-1149 (fax)
      dkrugler@ckandf.com
      acash@ckandf.com